UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DETROIT DEVELOPMENT FUND,

    Plaintiff,

v.

S. DOT DEVELOPMENT, LLC, ET AL.,

    Defendants.

Case No. 18-cv-12813

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR SUBSTITUTED SERVICE OF PROCESS ON, AND EXTENSION OF TIME TO SERVE, DEFENDANT S. DOT DEVELOPMENT, LLC [#6]**

### I. INTRODUCTION

Plaintiff initiated this breach of contract action in the Wayne County Circuit Court on August 3, 2018. Dkt. No. 1. The case was removed to the Eastern District of Michigan on September 10, 2018 pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446. *Id.* All Defendants have been served except for one.

Present before the Court is Plaintiff's Ex Parte Motion for Substituted Service of Process on, and Extension of Time to Serve, Defendant S. Dot Development, LLC [#6] (hereinafter "Defendant S. Dot"). For the reasons stated below, the Court will GRANT Plaintiff's Motion [#6].

-1-

## II. BACKGROUND

This suit arises out of a lending agreement whereby Plaintiff loaned money to Defendant S. Dot, whose obligations were in turn guaranteed by Defendant Shellee M. Brooks (hereinafter "Defendant Brooks"). Dkt. No. 6, p. 8 (Pg. ID 143). Michigan Department of Licensing records show that Defendant Brooks is the resident agent for Defendant S. Dot and that the registered office for Defendant S. Dot is P.O. Box #44583, Detroit, Michigan 48244. *Id.* The address that Defendants S. Dot and Brooks both used for purposes of the lending agreement is also P.O. Box #44583. *Id.* Notably, Plaintiff has successfully executed service on Defendant Brooks using this address. *Id.* at p. 9 (Pg. ID 144).

In contrast, Plaintiff has been unable to execute service on Defendant S. Dot. Defendant S. Dot owns three residential units located at 1905 W. Grand Blvd., 1900 W. Grand Blvd, and 1660 W. Grand Blvd. *Id.* at p. 9 (Pg. ID 144). However, Defendant S. Dot does not use any of these properties as a business office address. *Id.* Further, Defendant S. Dot does not have a business address listed in public records. *Id.*

Defendant Brooks is the only known member and manager of Defendant S. Dot. *Id.* at p. 8 (Pg. ID 143). Plaintiff believes Defendant Brooks resides at and/or receives mail at 3100 Woodward Ave., Suite 201, Detroit, Michigan 48201. *Id.* at pp. 9-10 (Pg. ID 144-45). Thus, Plaintiff attempted to serve Defendant S. Dot --

via Defendant Brooks -- at this address. *Id.* at p. 10 (Pg. ID 145). But this attempt was unsuccessful because the address is part of an apartment complex that has a security gate and requires a pass code for entry. *Id.*

Importantly, the summons that the state court issued for Defendant S. Dot is set to expire on November 2, 2018. *Id.* at p. 11 (Pg. ID 146). Hence, Plaintiff now asks the Court to allow for alternative service of process on Defendant S. Dot and an extension of time to effectuate this service. *Id.* at pp. 10-11 (Pg. ID 145-46).

## II. DISCUSSION

### A. Plaintiff's Proposed Method for Alternative Service is Reasonably Calculated to Give Defendant S. Dot Development, LLC Actual Notice and an Opportunity to be Heard.

Federal Rule of Civil Procedure 4(h)(1) provides that service upon a corporation, partnership, or association may be accomplished by (1) delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, or (2) by any manner prescribed by Rule 4(e)(1), which allows for service pursuant to the law of the state in which the district court is located. Fed. R. Civ. P. 4(h)(1), 4(e)(1). Neither the Federal Rules of Civil Procedure nor the Michigan Court Rules address the proper manner of service on an LLC.

The Michigan Court Rules do however allow for alternative service of process at the discretion of the court. *See* MCR 2.105(I). Still, the plaintiff must

show that (1) service cannot reasonably be made as provided by the rule, and (2) the proposed alternative method is likely to give the defendant actual notice and an opportunity to be heard. *See id.*

Here, Plaintiff has established sufficient facts demonstrating it has made extensive, but unsuccessful, efforts to effectuate service on Defendant S. Dot. In addition, Plaintiff has proposed an alternative method for service that the Court finds is reasonably calculated to give Defendant S. Dot notice and an opportunity to be heard. Accordingly, it is ORDERED that service upon Defendant S. Dot shall be allowed by:

a. Posting a copy of the Summons, Complaint, and this Order at the security gate located at 3100 Woodward Ave., Detroit, MI 48201;

b. Posting a copy of the Summons, Complaint and this Order at 1905 W. Grand Blvd., Detroit, MI 48208;

c. Posting a copy of the Summons, Complaint, and this Order at 1900 W. Grand Blvd., Detroit, MI 48208;

d. Posting a copy of the Summons, Complaint, and this Order at 1660 W. Grand Blvd., Detroit, MI 48208;

e. Sending a copy of the Summons, Complaint, and this Order by First Class Mail and by Certified Mail, Return Receipt Requested, addressed

  to S. Dot Development, LLC, c/o its resident agent Shellee M. Brooks, at P.O. Box #44583, Detroit, MI 48244; and

 f. Sending a copy of the Summons, Complaint, and this Order by First Class Mail and by Certified Mail, Return Receipt Requested, addressed to S. Dot Development, LLC, c/o its resident agent Shellee M. Brooks, at 3100 Woodward Ave., Suite 201, Detroit, MI 48201.

## B. Good Cause Exists to Extend the Time for Plaintiff to Serve Defendant S. Dot Development, LLC.

Federal Rule of Civil Procedure 6(b)(1) permits the court, upon a finding of good cause, to extend the time in which an act must be done if the request is made before the time expires. Fed. R. Civ. P. 6(b)(1).

Here, the summons directed to Defendant S. Dot is set to expire on November 2, 2018. Plaintiff has made extensive, but unsuccessful, efforts to serve Defendant S. Dot. Because the Court has just granted Plaintiff's request for alternative service, the Court finds good cause to extend the time for Plaintiff to serve Defendant S. Dot. Accordingly, it is ORDERED that Plaintiff has an additional sixty (60) days to serve Defendant S. Dot. The expiration date of the summons for Defendant S. Dot is hereby <u>extended from November 2, 2018 to January 1, 2019</u>.

## V. CONCLUSION

For the reasons stated herein, the Court will GRANT Plaintiff's Motion for Substituted Service of Process on, and Extension of Time to Serve, Defendant S. Dot Development, LLC [#6].

IT IS SO ORDERED.

Date: October 5, 2018

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 5, 2018, by electronic and/or ordinary mail.

s/Teresa McGovern
Case Manager Generalist